Case 4:15-cv-03104   Document 17   Filed in TXSD on 11/07/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3104 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND ORDER

Petitioner Roy Jon filed a petition for a writ of habeas corpus. The petition challenges the results of a prison disciplinary hearing. Respondent filed a motion to dismiss the petition as moot. Jon did not respond to that motion.

## I. Background

Jon was found guilty in a prison disciplinary hearing on October 24, 2014. He received 25 days loss of recreation, commissary, and telephone privileges, and loss of 60 days of accrued good time credit. Petition at 5. He asks this Court to overturn the disciplinary decision, restore his forfeited good time credit, and order expungement of his record.

**II.     Analysis**

The federal habeas corpus statute allows this Court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement.  *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

Jon seeks restoration of his forfeited good time credit.  Good time credit is relevant to a prisoner's release to mandatory supervision.  "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5). A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a).

Respondent submits documents showing that Jon has been released to mandatory supervision.  *See* respondent's Motion to Dismiss, Exh. B.  Thus, any harm caused to Jon by the forfeiture of his good time credit no longer exists.

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  When the interest at stake at the commencement of litigation ceases to exist, a case becomes moot.  "The requisite personal interest that must exist at the

commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm's v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation marks and citation omitted). When a claim becomes moot, there no longer remains an actual controversy, and federal courts thus lack jurisdiction under Article III of the Constitution. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983).

Because Jon has been released to mandatory supervision, this case is moot. This Court therefore lacks subject matter jurisdiction, and the case must be dismissed.

### III.     Certificate of Appealability

Jon has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court concludes that jurists of reason would not find this Court's determination that it lacks subject matter jurisdiction because the case is moot to be debatable.  This Court concludes that Jon is not entitled to a certificate of appealability.

## IV. <u>Conclusion And Order</u>

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion to dismiss (Dkt. No. 13) is GRANTED;

2. Petitioner Roy Jon's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 7th day of November, 2016.

_____
Kenneth M. Hoyt
United States District Judge